UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA L. PINNEY,

*Plaintiff*,

v.

STEVE JURCZYK, Acting Administrator, National Aeronautics and Space Administration,

*Defendant*.

Civ. A. No. 19-2259 (KBJ)

**ANSWER**

Defendant Steve Jurczyk, in his official capacity as Acting Administrator of the National Aeronautics and Space Administration ("Defendant" or "NASA"),[1] by and through its undersigned counsel, hereby answers Plaintiff Patricia L. Pinney's Amended Complaint as follows. The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Amended Complaint.

**DEFENSES**

**First Defense**

Plaintiff is barred from bringing any claims that she did not timely present to NASA and for which she did not properly exhaust her administrative remedies.

**Second Defense**

Plaintiff cannot make out a *prima facie* case of discrimination or retaliation.

[1] Acting Administrator Steve Jurczyk is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

**Third Defense**

For any allegations of discrimination and retaliation for which Plaintiff has established a *prima facie* case, Defendant had legitimate, non-discriminatory, and non-retaliatory reasons for its actions.

**Fourth Defense**

Defendant denies liability under any theory of recovery.

**Fifth Defense**

Plaintiff is not entitled to recover any damages or other monetary relief.

**Sixth Defense**

Defendant did not take any unlawful adverse employment action against Plaintiff.

**Seventh Defense**

Plaintiff has failed to act reasonably to mitigate her damages, if any.

**RESPONSES TO NUMBERED PARAGRAPHS**

Defendant denies each and every allegation of the Amended Complaint not expressly admitted in its answer. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer, as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of litigation.

To the extent Plaintiff refers to or quotes from external documents, videos, or other sources, Defendant's responses may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant admits, denies or otherwise responds to the numbered paragraphs of the Complaint as follows:

**Jurisdiction and Venue**

1. The allegations in this paragraph contain Plaintiff's characterization of this action and assert conclusions of law to which no response is required.

2. Defendant admits that the events alleged in the Amended Complaint occurred in the District of Columbia and that Defendant is a government agency. The remaining allegations contained in this paragraph assert conclusions of law to which no response is required.

**Parties**

3. Defendant admits that Plaintiff is a female. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

4. Defendant admits that Plaintiff is a former employee of NASA. The remaining allegations contained in this paragraph assert conclusions of law to which no response is required.

5. Defendant admits that James F. Bridenstine was the Administrator of NASA at the time the Amended Complaint was filed. The remaining allegation in the paragraph asserts a conclusion of law to which no response is required.

**Administrative Procedures**

6. Defendant admits that Plaintiff met with Whitney Proctor on August 28, 2018, and that Plaintiff's counsel sent a letter to Stephen Shih, NASA's Assistant Administrator for the Office of Diversity and Equal Opportunity ("ODEO"). Defendant also admits that Plaintiff filed an informal complaint of discrimination in December 2018, to which the Defendant refers the Court for a true and complete statement of its contents. Defendant denies the remaining allegations in this paragraph.

7. Defendant admits that Plaintiff filed a formal EEO complaint on March 12, 2019, to which the Defendant refers the Court for a true and complete statement of its contents. Defendant

further admits that the complaint was assigned Complaint No. NCN-19-HQ-00054. Defendant denies the remaining allegations in this paragraph.

8. Defendant admits that Joseph McIntyre issued a memo finding that Ms. Koren did not violate the Agency's anti-harassment policy (NPR 3713.3). The allegation in the second sentence contains the mental impressions of the Plaintiff, for which Defendant lacks sufficient or knowledge information to admit or deny.

9. Defendant admits that Plaintiff filed a second formal complaint of discrimination with ODEO in March 2020, to which the Defendant refers the Court for a true and complete statement of its contents. Defendant further admits that the complaint was assigned Complaint Nos. NCN-HQ-00046 and NCN-20-HQ-00058 and that two investigations were begun. To the extent any further response is required, the allegations are denied.

10. Defendant denies that more than one hundred eighty (180) days passed between the filing of Plaintiff's first EEO complaint and the filing of the original complaint in this action in July 2019. Defendant admits that as of the filing of the Amended Complaint in January 2021 that more than one hundred eighty (180) days have now passed since the filing of the first and second EEO complaints in July 2019 and March 2020, respectively. The remaining allegations contained in this paragraph assert conclusions of law to which no response is required.

11. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

12. The allegations contained in this paragraph assert conclusions of law to which no response is required.

13. The allegations in this paragraph assert conclusions of law to which no response is required.

**Facts Common to All Counts**

13. On information and belief, Defendant admits that Plaintiff was employed by the federal government since October 2004 and that she retired on January 31, 2020. Defendant denies that her retirement was involuntary. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.[2]

14. Defendant admits that Plaintiff began her employment with NASA in November 2015 in the Policy Division of the Office of the Chief Financial Officer ("OCFO"). Defendant refers the Court to Plaintiff's Position Description and Performance Plan for a true and complete statement of Plaintiff's title and duties. To the extent any further response is required, the allegations are denied.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

18. Defendant admits that Plaintiff has, at various times, informed her former supervisor (Laura Koren) and her subsequent supervisor (Nestor Tezna) of issues related to her son's medical condition, and that she sent Mr. Tezna emails regarding her own medical ailments, to which the Defendant refers the Court for a true and complete statement of their contents. The remaining allegations in the paragraph are denied.

---

2 Defendant notes that there are two consecutive paragraphs numbered 13.

19. Defendant admits that Ms. Koren was Plaintiff's immediate supervisor from approximately November 2015 until October 28, 2018. Defendant admits that Mr. Tezna became Plaintiff's direct supervisor on October 29, 2019. Defendant also admits that Mr. Kevin Buford was Plaintiff's second-level supervisor from November 2015 until October 28, 2018, and again from March 5, 2019 until December 31, 2019. Defendant also admits that Ms. Koren, Mr. Tezna, and Mr. Buford are all younger than Plaintiff. The remaining allegations in the first four sentences of the paragraph are denied. The allegations contained in the fifth sentence of this paragraph assert conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

20. Admitted.

21. The first sentence of the paragraph asserts conclusions of law to which no response is required. To the extent a response to the first sentence is required, Defendant lacks knowledge or information sufficient to admit or deny those allegations. In response to the remaining allegations, Defendant admits that in 2017, Patricia Currier sought EEO counseling, and also made an allegation of harassment pursuant to NASA's Anti-Harassment Policy (NPR 3713.3), which was investigated. Defendant admits that Ms. Koren and Mr. Buford were generally aware of NASA's internal anti-harassment investigation.

22. Defendant admits that Plaintiff was interviewed as part of the internal investigation into Ms. Currier's harassment allegations. Defendant denies the remaining allegations of the paragraph.

23. Defendant admits that from 2015 through 2019 Plaintiff had successful mid-term and annual performance reviews. Defendant denies the remaining allegations in the paragraph and

Defendant specifically denies any allegation that evidence that Plaintiff provided in connection with her coworker's complaint had any bearing on Plaintiff's subsequent performance reviews.

24. Defendant admits that Plaintiff sent emails to Lisa Ziehmann in and around November 2017. Defendant refers to the contents of those emails for true and complete statements of their contents. Defendant also admits that Ms. Ziehmann initiated a harassment inquiry pursuant to NASA policy NPR 3713.3 after receiving those emails and concluded that no violation of the policy had occurred. Defendant denies the remaining allegations in the paragraph.

25. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

26. Defendant admits that Plaintiff contacted Fred Johnson regarding taking Family and Medical Leave Act ("FMLA") leave to care for her son on or about June 20, 2018, and that Plaintiff had previously been permitted to use sick leave for that purpose. The remaining allegations contained in this paragraph assert conclusions of law to which no response is required.

27. Defendant admits that Plaintiff periodically discussed her son's condition and her caregiving responsibilities with Ms. Koren and Mr. Buford.

28. Defendant admits that Plaintiff received a level 3 (fully successful) rating for the 2017-2018 performance cycle, and that Plaintiff received notice of that rating in July 2018. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

29. Defendant admits that on July 9, 2018, Plaintiff sent an email to Mr. Buford and Ms. Koren titled "Official reporting of an Augmentation." Defendant refers the Court to that email for a true and correct statement of its content. The remaining allegations in this paragraph are conclusions of law to which no response is required.

30. Defendant admits that Plaintiff received an Absent Without Leave ("AWOL") charge for 1.0 hour on July 26, 2018. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

31. Defendant admits that Plaintiff left work 30 minutes early on August 28, 2018, and was subsequently charged AWOL by Ms. Koren. Defendant also admits that, after taking unapproved leave, Plaintiff emailed Ms. Koren to request sick leave. Defendant refers to the email for a true and correct statement of its content. Defendant denies the remaining allegations in the paragraph.

32. Defendant admits that on August 29, 2018, Ms. Koren had a discussion with Plaintiff regarding her leave usage, and sent Plaintiff an email following the meeting that outlined her (Ms. Koren's) expectations regarding Plaintiff's scheduling and use of leave. Defendant refers to the email for a true and correct statement of its content. Defendant admits that the email was sent only to Plaintiff. Defendant denies the remaining allegations in the paragraph.

33. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

34. Defendant admits that Mr. Johnson provided Plaintiff with Form WH-380-F in August 2018; that Plaintiff returned the form on or about August 23, 2018; and that the form appears to have been signed by Dr. Ridinger on August 21, 2018. As a further response, Defendant refers to the documents for true and correct statements of their content. Defendant denies the remaining allegations in the paragraph.

35. Defendant admits that Plaintiff met with Whitney Proctor on August 28, 2018, but denies the remaining allegations in the first two sentences of the paragraph. Defendant further admits that Plaintiff filed an informal EEO complaint form in December 2018.

36. Admitted.

37. Defendant admits that Plaintiff met with Ms. Koren after being approved for FMLA leave on August 29, 2018, and that Ms. Koren and Plaintiff discussed telework, alternate work schedule, and FMLA leave. Defendant denies the remaining allegations in the paragraph.

38. Defendant admits that on August 29, 2018, Ms. Koren had a discussion with Plaintiff regarding her leave usage and sent Plaintiff an email following the meeting that outlined her (Ms. Koren's) expectations regarding Plaintiff's scheduling and use of leave. Defendant refers the Court to that email for a true and accurate reflection of its contents. Defendant denies the remaining allegations in the paragraph.

39. Defendant admits that Ms. Koren sent Plaintiff an email on or about August 30, 2018. As a further response, Defendant refers the Court to that email for a true and accurate reflection of its contents. Defendant denies the remaining allegations in the paragraph.

40. Defendant admits that Ms. Koren sent Plaintiff emails on or about August 29 and 30, 2018. As a further response, Defendant refers the Court to those emails for true and accurate reflections of their contents. Defendant denies the remaining allegations in the paragraph.

41. Defendant admits that Plaintiff was charged AWOL in the amounts of 2.0 hrs (9/7), 2.0 hrs (9/14), 1.0 hr (9/17), 2.0 hrs (9/19), 2.0 hrs (9/21), and 1.0 hr (9/28). Defendant denies the remaining allegations in the paragraph.

42. Defendant admits that Plaintiff sent emails to Ms. Koren and Mr. Buford on October 1, 2018. As a further response, Defendant refers the Court to those emails for a true and accurate reflection of their content. Defendant denies the remaining allegations in the paragraph.

43. Defendant admits that Plaintiff emailed Mr. Buford directly on or about October 1, 2018. Defendant refers the Court to those emails for a true and accurate reflection of their

content. Defendant further admits that Plaintiff and Mr. Buford spoke on the phone briefly on October 1, 2018, at which time Mr. Buford informed Plaintiff he did not have time to speak at that moment. Defendant denies the remaining allegations of the paragraph.

44. Defendant admits that on October 3, 2018, Plaintiff was charged AWOL for 3.0 hrs. Defendant denies the remaining allegations in the paragraph.

45. Defendant admits that Ms. Hunter sent Plaintiff an email on or around October 5, 2018. Defendant refers the Court to that email for a true and accurate reflection of its contents. Defendant further admits that Plaintiff was not a member of the bargaining unit at NASA at the time of the events. Defendant denies the remaining allegations in the paragraph.

46. Defendant admits that Plaintiff was assigned the "MAX Project" in September 2018 and that Mr. Buford arranged for Plaintiff to receive some training from other OCFO employees. Defendant further admits that Plaintiff sent some updates of her projects to Ms. Koren, including updates on the MAX project. Defendant denies the remaining allegations in the paragraph.

47. Defendant admits that Ms. Koren sent Plaintiff an email on September 21, 2018, outlining expectations for the MAX Project. Defendant refers the Court to that email for a true and accurate reflection of its contents. Defendant further admits that Plaintiff and Ms. Koren met on or about October 10, 2018, and discussed elements of the MAX project. Defendant denies the remaining allegations in the paragraph.

48. Defendant admits that, on or about October, 12, 2018, Ms. Koren assigned a policy for Plaintiff to work on, and that Ms. Koren also scheduled an in-office meeting with Ms. Koren and Plaintiff for October 15, 2018. Defendant also admits that Ms. Koren informed Plaintiff that telework was expected to be work time and was not to be used to take care of a family member. Defendant denies the remaining allegations in the paragraph.

49. Defendant denies the allegation in the first two sentences of this paragraph. Defendant admits that Plaintiff sent emails to Ms. Hunter, Mr. Buford and Mr. Johnson. In further response, Defendant refers the Court to those emails for true and accurate reflections of their contents.

50. Defendant admits that Plaintiff took sick leave on October 15, 2018, and did not attend the scheduled meeting. Defendant further admits that Ms. Koren had to reschedule the meeting several times before Plaintiff finally attended. Defendant further admits that Plaintiff provided Ms. Koren with several documents from medical professionals and refers the Court to those documents for true and accurate reflections of their contents. Defendant denies the remaining allegations in the paragraph.

51. Defendant admits that in October 2018, Plaintiff contacted NASA's ODEO and anti-Harassment offices. Defendant has no knowledge of any contact between Plaintiff and OSC or her counsel, and therefore denies those allegations. Defendant further admits that Plaintiff sent email communications to NASA's ODEO and anti-harassment offices. Defendant refers the Court to those emails for true and accurate reflections of their contents.

52. Defendant admits that Mr. Tezna became Plaintiff's immediate supervisor on October 29, 2018, and that he sent an email to all of his employees. Defendant refers the Court to that email for a true and accurate reflection of its contents.

53. Defendant admits that Plaintiff met with Ms. Koren and Mr. Tezna on November 20, 2018, to discuss her mid-point performance and that Plaintiff was informed at that meeting that she was at risk of failing in one or more critical elements. Defendant denies the remaining allegations in the paragraph.

54. Admitted.

55. Defendant admits the Plaintiff's telework privileges were suspended, effective December 3, 2018. Defendant denies the remaining allegations in the paragraph.

56. Defendant admits that it received a new FMLA form from Plaintiff on December 19, 2018, which appears to have been signed by Dr. Carolyn Walsh on November 17, 2018. Defendant refers the Court to that document for a true and complete statement of its contents. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

57. Defendant admits that on December 19, 2018, Mr. Tezna initially denied Plaintiff's FMLA request to travel to China for most of January. Defendant further admits that Mr. Tezna did not immediately approve Plaintiff's December 21, 2018, request for annual leave. Instead, he asked Plaintiff for further explanation of how her work would be covered in her absence. Defendant denies the remaining allegations in the paragraph.

58. Defendant admits that Plaintiff sent a letter from Dr. Walsh to Mr. Johnson by email at 10:58 p.m. on December 20, 2018. Defendant refers the Court to the document for a true and accurate statement of its contents. Defendant denies the remaining allegations in the paragraph.

59. Defendant admits that parts of the federal government (including NASA) were furloughed from December 22, 2018, until January 25, 2019. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

60. After conducting a reasonable inquiry, Defendant admits that Plaintiff met with Thomas Atherton, but lacks sufficient information or knowledge of the content of that meeting to admit or deny the remaining allegations in the paragraph.

61. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Defendant

admits that Plaintiff sent emails to Mr. Johnson regarding her FMLA requests and that, at Plaintiff's request, Mr. Tezna approved annual leave for a purported trip to China. The remaining allegations of the paragraph are denied.

62. Defendant admits that Mr. Johnson sent an email to Plaintiff on or about March 7, 2019, and refers the Court to that email for a true and correct statement of its contents. Defendant denies the remaining allegations in the paragraph.

63. Defendant admits that Ms. Koren transferred to another position within OCFO on or about March 4, 2019. Defendant further admits that, by email, Mr. Tezna reinstated a two-day per week telework schedule for Plaintiff on or about April 2, 2019. Defendant refers the Court to Mr. Tezna's email for a true and correct statement of its contents. Defendant denies the remaining allegations in the paragraph.

64. Defendant admits that Mr. Tezna rated Plaintiff as a "3" (out of 5) for the performance year 2018-2019, and that he delivered that rating to Plaintiff in or around April, 2019. Defendant refers the Court to the performance rating for a true and complete statement of its contents. Defendant denies the remaining allegations in the paragraph.

65. Defendant admits that Plaintiff and Mr. Tezna met on or about May 13, 2019, and at that meeting Mr. Tezna agreed to reinstate a third telework day per week for Plaintiff. Defendant denies the remaining allegations in the paragraph.

66. Defendant admits that Joseph McIntyre signed a letter dated May 22, 2019, finding that Ms. Koren did not violate the Agency's anti-harassment policy. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph.

67. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

68. Admitted.

69. Defendant admits that Mr. Tezna provided feedback to Plaintiff about the status of the NPR 9130.1 revision in August 2019. Defendant denies the remaining allegations of the paragraph.

70. Denied.

71. Defendant admits that Plaintiff submitted several revisions of the policy to Mr. Tezna. The remaining allegations of the paragraph are denied.

72. Defendant admits that Mr. Tezna asked Plaintiff to revise NPR 9050.1 (Anti-Deficiency Act) in or around August 2019, and that, following Plaintiff's submission of that work, Mr. Tezna was satisfied with the revision. Defendant denies the remaining allegations of the paragraph.

73. Defendant admits that, on or about September 24, 2019, Mr. Tezna sent an email to staff indicating an upcoming change in telework policy, and that Plaintiff responded to Mr. Tezna also in an email. Defendant refers the Court to that email for a true and complete statement of the contents. The remaining allegations of the paragraph are denied.

74. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

75. Defendant admits that Mr. Tezna issued Plaintiff a Letter of Warning on October 15, 2019, and that Plaintiff issued a response to that letter on or about October 21, 2019. Defendant refers the Court to both documents for true and complete statements of their contents. The remaining allegations of the paragraph are denied.

76. Defendant admits that Mr. Tezna issued Plaintiff a Performance Improvement Plan ("PIP") on November 1, 2019. Defendant refers the Court to the PIP for a true and complete statement of its contents. The remaining allegations of the paragraph are denied.

77. Defendant admits that in November 2019, Plaintiff was relocated to a new cubicle office. The remaining allegations of the paragraph are denied.

78. Defendant admits that, on or about November 6, 2019, Mr. Tezna met with Plaintiff regarding the revisions needed for NPR 9130.1. The remaining allegations of the paragraph are denied.

79. Denied.

80. Defendant admits that Plaintiff made revisions to NPR 9130.1 in November. The remaining allegations of the paragraph are denied.

81. The allegation in the first sentence contains the mental impressions of Mr. Buford, for which Defendant lacks sufficient or knowledge information to admit or deny. Defendant admits only that on November 26, 2019, Mr. Buford emailed Mr. McIntyre. Defendant refers the Court to the email for a true and complete statement of its contents.

82. Defendant admits that on November 26, 2019, Mr. McIntyre responded to Mr. Buford in an email. Defendant refers the Court to that email for a true and complete statement of its contents.

83. Defendant admits that in late November or early December 2019, Mr. Tezna asked Plaintiff to start considering potential revisions to NPR 9470.1 – Budget Execution. Defendant denies the remaining allegations in the paragraph.

84. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

85. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

86. Defendant admits that Plaintiff submitted a revision of NPR 9130.1 on or about November 15, 2019. Defendant further admits that Mr. Tezna did not provide Plaintiff with any further comments regarding that revision.

87. After conducting a reasonable inquiry, Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first two sentences of this paragraph. In response to the remaining allegations in the third sentence, Defendant admits that Plaintiff requested multiple extensions for her work. Defendant has no knowledge of Plaintiff's mental impressions, and therefore denies any remaining allegations in the third sentence.

88. Denied.

89. Admitted.

90. Defendant admits that Mr. Tezna gave Plaintiff a "Notice of Proposed Removal" on or about January 15, 2020. Defendant refers the Court to the Notice for a true and correct statement of its contents. The remaining allegations in the paragraph are denied.

91. Denied.

92. Denied.

93. Defendant admits that in January 2020, Plaintiff submitted papers to process her retirement from federal service. The remaining allegations contained in the paragraph are denied.

94. Defendant admits that Plaintiff retired on January 31, 2020. The remaining allegations contained in the paragraph are denied.

95. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

96. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

97. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I

## INTERFERENCE WITH THE EXERCISE OF RIGHTS IN VIOLATION OF § 105(A)(1) OF THE FMLA

98. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 97 set forth above.

99. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

100. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

101. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's son's health condition.

102. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning Plaintiff's health conditions.

103. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

104. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

105. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

106. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

107. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

108. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

109. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT II

### RETALIATION AGAINST PLAINTIFF FOR OPPOSING ACTIONS MADE UNLAWFUL UNDER THE FMLA

110. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 109 set forth above.

111. Defendant admits that between August 2018 and the present, Plaintiff had communications with Fred Johnson, Laura Koren, Kevin Buford, Inez Hunter and Leah Hollander regarding her use of FMLA leave. The remaining allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

112. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

113. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

114. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

115. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

116. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

117. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT III

## INTERFERENCE WITH PROCEEDINGS OR INQUIRIES IN VIOLATION OF § 105(B) OF THE FMLA

118. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 117 set forth above.

119. Defendant admits that Plaintiff had communications with Stephen Shih, Leah Hollander, Inez Hunter, Fred Johnson, Whitney Proctor, Laura Koren, Kevin Buford, and Nestor Tezna regarding her use of FMLA leave. Defendant denies the remaining allegations in the paragraph.

120. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

121. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

122. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

123. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

124. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

125. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT IV

## UNLAWFUL DISCRIMINATION IN VIOLATION OF § 504 OF THE VOCATIONAL REHABILITATION ACT OF 1973 BECAUSE OF PLAINTIFF'S ASSOCIATION WITH A PERSON WITH A DISABILITY

126. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 125 set forth above.

127. Admitted.

128. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

129. Defendant admits that Koren, Tezna, Hunter, Johnson and Buford were aware that Plaintiff has a son but deny the remaining allegations.

130. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

131. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

132. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

133. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

134. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

135. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

136. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

137. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT V

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE VOCATIONAL REHABILITATION ACT OF 1973

138. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 137 set forth above.

139. Admitted.

140. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

141. Denied.

142. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

143. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

144. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

145. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

146. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

147. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

148. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

149. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT VI

## UNLAWFUL RETALIATION IN VIOLATION OF THE VOCATIONAL REHABILITATION ACT OF 1973

150. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 149 set forth above.

151. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

152. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

153. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

154. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

155. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

156. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

157. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

158. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT VII

## UNLAWFUL DISCRIMINATION IN VIOLATION OF § 4 OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

159. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 158 set forth above.

160. Defendant admits that Plaintiff is over 40 years of age. The remaining allegations contained in the paragraph are denied.

161. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

162. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

163. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

164. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

165. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

166. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT VIII

## UNLAWFUL RETALIATION IN VIOLTION OF § 4(D) OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

167. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 166 set forth above.

168. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

169. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

170. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

171. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

172. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

173. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

174. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

175. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

## COUNT IX

## CONSTRUCTIVE DISCHARGE

176. Defendant repeats and incorporates by reference all of its responses in paragraphs 1 through 175 set forth above.

177. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

178. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

179. Defendant admits that Plaintiff retired in January 2020. The remaining allegations contained in the paragraph are denied.

180. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

181. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

182. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.

184. The allegations contained in this paragraph assert conclusions of law to which no response is required. To the extent a response is required, denied.[3]

---

[3] Defendant notes that the numbering in the Amended Complaint skips from 182 to 184.

**RELIEF**

The remaining Paragraphs (i) through (v) of the Amended Complaint constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

Dated: February 10, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER
D.C. Bar No. 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*